[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 26, 2011
JOHN LEY
CLERK

No. 10-13139
Non-Argument Calendar
_____

Agency No. A097-330-792


LILIAN ARACELI SOLIS,
a.k.a. Olivia Guzman,
a.k.a. Lilian Solis Velasquez,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 26, 2011)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Lilian Araceli Solis, a native and citizen of Guatemala, seeks review of the Board of Immigration Appeals's ("BIA") order dismissing her appeal of the Immigration Judge's ("IJ") order denying her application for withholding of removal under the Immigration and Nationality Act ("INA") and relief pursuant to the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). Solis's withholding of removal and CAT claims were based on her assertions that a Honduran newspaper falsely accused her of murdering a third party, and that the victim's family would seek to harm her if she returned to Guatemala. In her petition for review, Solis argues that the BIA erred and abused its discretion by affirming the IJ's decision because: (1) "individuals who are mistakenly identified as murderers" constitute a "particular social group" under the INA, and thus qualify as a protected class for withholding-of-removal purposes; (2) she sufficiently proved her risk of future persecution by submitting evidence that a Honduran newspaper falsely accused her of murder; and (3) with regard to her CAT claim, the BIA failed to consider all the evidence supporting the claim, and failed to find that the IJ imposed a more stringent burden of proof than is required for CAT relief. After careful review, we deny the petition.

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir.

2

2007). Here, the BIA did not expressly adopt the IJ's decision and we therefore review only the BIA's decision.

As a preliminary matter, we may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This requirement is jurisdictional, and bars review of claims not raised before the BIA even where the BIA addressed the issue sua sponte. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006). In the present case, the government argues that we lack jurisdiction to hear Solis's withholding-of-removal claim because she failed to challenge the IJ's finding that she could avoid persecution by relocating within Guatemala. Though that finding would be sufficient to defeat her claim, see Tan v. U.S. Att'y. Gen., 446 F.3d 1369, 1375 (11th Cir. 2006), we conclude that BIA's opinion did not incorporate it, and that it thus has no bearing on this appeal. See Ruiz, 479 F.3d at 765 (holding that we review only the BIA's opinion unless it expressly adopts the IJ's decision). Accordingly, we will consider Solis's withholding-of-removal arguments. On the other hand, we are deprived of jurisdiction over Solis's claim for CAT relief because she completely failed to raise it before the BIA. Amaya-Artunduaga, 463 F.3d at 1250-51.[1]

---

[1] Solis also asserted an asylum claim below. We lack jurisdiction to review that claim because the BIA found it to be time-barred. Sanchez Jimenez v. U.S. Att'y. Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). Moreover, Solis did not challenge the denial of asylum on appeal.

3

We review the BIA's statutory interpretation de novo. Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008). Under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), we "must defer to an administrative agency's interpretation of a statute it is entrusted with administering if: (1) the language of the statute is silent or ambiguous with respect to the particular issue and (2) the agency's interpretation is reasonable." Lin v. U.S. Att'y Gen., 555 F.3d 1310, 1316 n.4 (11th Cir. 2010) (emphasis omitted). However, Chevron deference does not apply to non-precedential, single member decisions by the BIA that do not rely on existing BIA or federal court precedent. Quinchia, 552 F.3d at 1258-59. Instead, we may choose to apply "the lesser level of deference enunciated in Skidmore v. Swift & Company, 323 U.S. 134, 140 . . . (1944)," which would provide that a single BIA member's interpretation of a statute is persuasive authority. Id. at 1259. Alternatively, we could remand to the BIA to permit it to interpret the statute in a precedential three-member opinion. Id.

We review the BIA's factual findings under the substantial-evidence test, Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005), and must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal quotations and citation omitted). Under this test, we view

4

"the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Accordingly, to "conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." Ruiz, 479 F.3d at 765 (internal quotations and citation omitted).

To qualify for withholding of removal, an alien must show that if returned to her country, her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). We interpret the INA's "would be threatened" language as requiring the petitioner to demonstrate that it is more likely than not that she will be persecuted or tortured upon removal to her country. Tan, 446 F.3d at 1375. The more-likely-than-not standard is not met when the alien can avoid a future threat by relocating to another part of the country designated for removal. Id. An alien must also establish a "nexus" between the feared persecution and a statutorily protected ground, such as membership in a particular social group. Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). In other words, the alien must prove that she will be persecuted "because of" her membership in the group. See id. Acts of private violence do not constitute persecution based on a statutorily protected ground. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

5

We have emphasized that the "particular social group" language within the INA's list of protected grounds should not serve as a "'catch all' for all persons alleging persecution who do not fit elsewhere." See Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1198 (11th Cir. 2006). Pursuant to the BIA, a group may qualify as a particular social group only if it has both immutability and social visibility. See id. at 1194-97 (deferring to the BIA's definition of "particular social group"). In analyzing immutability, the BIA looks for characteristics that are "fundamental to [group] members' individual identities or consciences." Id. at 1196 (alteration and citation omitted). Examples of such characteristics include sex, color, kinship ties, or in certain circumstances, "a shared past experience such as former military leadership or land ownership." Id. at 1193. While past experiences are by their very nature immutable, "this fact does not mean that any past experience that may be shared by others suffices to define a particular social group." See id. at 1194 (quotation and citation omitted). In analyzing social visibility, the BIA looks for characteristics that are "highly visible and recognizable by others in the country in question." Id. (quotation omitted).

In this case, to the extent the single-member BIA panel interpreted the term "particular social group" to exclude groups of persons misidentified as murderers by newspapers, we accept that interpretation as persuasive. We have previously stressed

6

that the INA's "particular social group" language should not serve as a catch-all for withholding-of-removal claims.  We therefore conclude that being misidentified by a newspaper as a murderer falls outside the category of shared experiences that Congress intended to protect.  Moreover, substantial evidence supports the BIA's conclusion that Solis's fear of future persecution was too speculative to warrant relief.  Accordingly, the record neither compels, nor supports, the conclusion that the BIA's decision should be reversed.

**PETITION DENIED.**