[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14386
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

Agency No. A097-330-792


LILIAN ARACELI SOLIS,
a.k.a. Olivia Guzman,
a.k.a. Lilian Solis Velasquez,

                                                        Petitioner,


versus


U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 27, 2012)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Lilian Araceli Solis, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals's ("BIA") denial of her motion to reopen removal proceedings as untimely, pursuant to 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2. Previously, the BIA had affirmed the decision of an Immigration Judge ("IJ"), finding Solis removable, and denying her request for asylum, withholding of removal, and United Nations Convention Against Torture and Other Cruel Inhuman or Degrading Treatment or Punishment ("CAT") protection based upon her membership in a particular social group -- persons misidentified as murderers by newspapers. In February 2011, Solis filed a motion to reopen her removal proceedings, offering new evidence and arguing that the murders of her husband and son in Guatemala, which she alleged were the result of her misidentification, were evidence of changed country conditions. The BIA denied Solis's motion as untimely, concluding that the evidence put forward established changed personal conditions, and that her motion essentially repeated the arguments she previously presented to the BIA on appeal.

In her brief, Solis argues that: (1) the BIA erred by not reopening her removal proceedings because the murder of her family members constituted changed circumstances warranting reopening, notwithstanding her untimely filing; and (2) the BIA erred by not reopening her proceedings based upon her CAT claim that murder can constitute torture and because the new evidence satisfied the "more likely than not" standard for CAT protection. After careful review, we deny the petition.

2

We review the denial of a motion to reopen removal proceedings for abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). Judicial review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious. Id. Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation omitted).

Ordinarily, an alien who is subject to a final order of removal and wishes to reopen the proceedings may file before an IJ one motion to reopen. 8 U.S.C. § 1229a(c)(7)(A). This motion must be filed within 90 days of the date of the final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Nevertheless, the time and numerical limits are inapplicable if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i). We have held that an alien who has been ordered removed cannot file a successive asylum application, "except as part of a timely and properly filed motion to reopen or one that claims that the late motion is excused because of

3

changed country conditions." Chen v. U.S. Att'y Gen., 565 F.3d 805, 810 (11th Cir. 2009) (quotation omitted). An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in his personal circumstances. Zhang, 572 F.3d at 1319.

The BIA has the discretion to deny a motion to reopen for, among other things, failure to introduce evidence that was material and previously unavailable. Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374-75 (11th Cir. 2007). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256-57 (11th Cir. 2009). Although the BIA is not required to discuss every piece of evidence presented, it is required to give reasoned consideration to all the evidence submitted by the petitioner. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1376 (11th Cir. 2006) (reviewing the denial of an application for withholding of removal).

In this case, the BIA denied Solis's motion to reopen after finding that she failed to show how her newly-submitted evidence demonstrated changed country conditions in Guatemala. It is undisputed that Solis's motion was filed in February 2011, roughly 8 months after the BIA's final order in June 2010. As a result, Solis's motion was untimely unless she could demonstrate changed country conditions.

4

Solis has failed to meet her burden. The BIA's original opinion, Solis's asylum application, the receipt of her application, the IJ's decision, and the filing receipt of her notice of appeal do not establish changed country conditions, particularly given that these documents were available for this Court's review when we affirmed the BIA's original denial of her application for asylum, withholding of removal, and CAT relief. See Jiang, 568 F.3d at 1252; Solis v. U.S. Att'y Gen., 411 F. App'x 256 (11th Cir. 2011). Solis now claims, however, that it was not until the murders of her husband and son that the inefficient police protection issue surfaced, demonstrating the flawed country conditions, which is a changed circumstance for her case. But the police report, Solis's son's death certificate, and her affidavit support the BIA's contention that the changed conditions are not country conditions, but rather changed personal conditions. Zhang, 572 F.3d at 1319. Solis failed to present any evidence beyond her own assertion that the murders in Guatemala were carried out as the result of her misidentification in a Honduran newspaper. In addition, Solis's affidavit reiterates her original argument regarding her membership in a particular social class, specifically individuals misidentified in newspapers as a murderers, which we previously considered and denied. See Solis, 411 F. App'x at 259. Thus, while Solis asserts that the murders of her family members established changed country

conditions, they are reflective only of changed personal conditions. See Zhang, 572 F.3d at 1319.

Because Solis has failed to satisfy her burden to reopen her removal proceedings and because we previously ruled on the validity of the BIA's original order, including its denial of CAT relief, Solis's arguments regarding CAT relief are not properly before us. See 8 U.S.C. § 1252(d)(2); see Solis, 411 F. App'x 256. Additionally, Solis did not include her renewed CAT claim in her motion to reopen, and therefore, it is unexhausted. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (stating that we are without jurisdiction to consider claims not raised before the BIA); 8 U.S.C. § 1252(d)(1).

In short, Solis did not meet her heavy burden to show that the previously unavailable evidence submitted in her motion to reopen demonstrated changed country conditions in Guatemala and excused the filing of an untimely motion to reopen. Additionally, the BIA gave reasoned consideration to the evidence submitted. Tan, 446 F.3d at 1376. Accordingly, the BIA did not abuse its discretion by denying Solis's motion, and we deny her petition for review.

**PETITION DENIED.**