[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12248

_____

Agency No. A76-532-049

JOHN QUINCHIA,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from a Decision
of the Board of Immigration Appeals

_____

(December 18, 2008)

ON PETITION FOR REHEARING

Before ANDERSON, HULL and SILER,* Circuit Judges.

_____
*Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by
designation.

SILER, Circuit Judge:

John Quinchia, a native and citizen of Colombia, petitions for review of the order of the Board of Immigration Appeals ("BIA") upholding the decision of the Immigration Judge ("IJ") that Quinchia was ineligible for discretionary relief from removal pursuant to § 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h). Section 212(h) of the INA states that the Attorney General may, in his discretion, waive removal under certain circumstances, but may not waive removal for an alien who has not "lawfully resided continuously" in the United States for seven years prior to being served with a Notice to Appear ("NTA"). The BIA, in a non-precedential decision issued by a single member, dismissed Quinchia's appeal and affirmed the IJ's finding that Quinchia lacked the seven years of continuous lawful residence necessary to be eligible for a § 212(h) waiver. Because the non-precedential BIA decision did not merit Chevron deference and there was a need for "clear and uniform" guidance through precedential decisions, we GRANTED the petition for review, VACATED the BIA's decision, and REMANDED to the BIA to allow it to issue a precedential decision interpreting § 212(h). However, between the time of oral argument in this case on May 16, 2008, and the date we issued our published opinion, August 7, 2008, the BIA in a similar case, Matter of Rotimi, 24 I. & N. Dec. 567 (July 30, 2008), issued a precedential decision. Because of the

2

decision in <u>Rotimi</u>, the Attorney General filed a petition for a panel rehearing, which is granted, and this decision supercedes our previous decision issued on August 7, 2008. The petition for review is denied.

## I. BACKGROUND

Quinchia entered the United States without inspection in 1992. In April 1997, his United States citizen wife filed an immediate relative visa petition and he concurrently filed an application for adjustment of status. In January 1998, he became a lawful permanent resident. In June 2002, Quinchia pleaded no contest to a charge of burglary of a structure in violation of F.S.A. § 810.02(3) in Broward County, Florida. In January 2004, he returned to the United States after a brief trip abroad and sought admission as a lawful permanent resident at the Miami International Airport. Due to his conviction, he was paroled into the United States. The Department of Homeland Security served him with an NTA in May 2004, charging him with removability based on his burglary conviction.

Quinchia admitted the allegations contained in the NTA, but argued that he should be eligible for a discretionary waiver pursuant to § 212(h) because he had lawfully resided in the United States for more than seven years. He argued that his period of lawful residence began in April 1997 when he applied for adjustment of status, not in January 1998 when he adjusted his status to become a lawful permanent

3

resident. The date on which he began to reside lawfully is critical because he was served with the NTA in May 2004. If his period of lawful residence began in April 1997, then he attained the required seven years of residence before being served with the NTA. On the other hand, if his period of lawful residence began when he was granted adjustment of status in January 1998, then he failed to reside lawfully and continuously for seven years before being served with the NTA. The IJ concluded that Quinchia could not show that he had lawfully resided continuously in the United States for seven years. In a non-precedential decision issued by a single member, the BIA dismissed Quinchia's appeal.

## II. ANALYSIS

"We review the BIA's statutory interpretation de novo, but will defer to the BIA's interpretation of a statute if it is reasonable and does not contradict the clear intent of Congress." Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005) (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44 (1984)).; see also Al-Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Pursuant to Chevron's deference standard, "[w]hen a court reviews an agency's construction of the statute which it administers . . . [and] the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Chevron,

4

467 U.S. at 842-43. "In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." Id. at 844. The Supreme Court has also instructed that the "principles of Chevron deference are applicable" to the BIA "as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication." INS v. Aguirre-Aguirre, 526 U.S. 415, 424-25 (1999) (internal quotation marks omitted).

Against that background, the threshold issue in this case was whether Chevron deference applied to the BIA's single-member decision interpreting and applying INA § 212(h) to Quinchia's appeal. We have not addressed the issue of whether we afford Chevron deference to a non-precedential decision issued by a single member of the BIA that does not rely on existing BIA or federal court precedent. We join the Second and Ninth Circuits in holding that Chevron deference is not appropriate in such circumstances. See Rotimi v. Gonzales, 473 F.3d 55, 57-58 (2d Cir. 2007) (holding that Chevron does not apply to a non-precedential, single-member BIA decision construing INA § 212(h) because the BIA itself affords no precedential value to the unreported decisions, the BIA is under a duty to provide "clear and uniform guidance on the proper interpretation and administration of the [INA]," and the relevant regulation states that the BIA shall provide such guidance through precedent decisions (internal quotation marks and alterations omitted)); Garcia-

Quintero v. Gonzales, 455 F.3d 1006, 1011-14 (9th Cir. 2006) (employing similar analysis to deny Chevron deference to a non-precedential BIA decision but emphasizing that Chevron deference may apply where the non-precedential BIA decision relied on, and was "compelled by" an earlier precedential decision). But see Gutnik v. Gonzales, 469 F.3d 683, 689-90 (7th Cir. 2006) (applying Chevron deference to a single-judge, non-precedential BIA decision because "judicial deference to the Executive Branch is especially appropriate in the immigration context" (internal quotation marks and alteration omitted)).

While we have afforded Chevron deference where a single member of the BIA summarily affirmed the IJ's decision without opinion, see, e.g., Silva v. United States Att'y Gen., 448 F.3d 1229, 1243 (11th Cir. 2006), these cases are distinguishable because they rested on existing BIA or federal court precedential decisions and are thus materially different. Here, however, the single member of the BIA did not rely on any such precedent to decide whether an application for adjustment of status begins the period of lawful residence.

Having decided that Chevron deference does not apply to the BIA's interpretation of INA § 212(h) in this case, we confronted in our previous opinion two options for how best to dispose of Quinchia's petition. The first was to decide the issue ourselves under the lesser level of deference enunciated in Skidmore v. Swift

& Company, 323 U.S. 134, 140 (1944), which holds that a non-binding administrative interpretation carries a weight "depend[ent] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." See United States v. Mead Corp., 533 U.S. 218, 237-38 (2001) (stating that Skidmore remained intact after Chevron and that Skidmore deference applies when Chevron deference does not). The second was to remand the case to the BIA to permit it the opportunity to interpret the statute in a precedential three-member decision. See generally Gonzales v. Thomas, 547 U.S. 183, 185-86 (2006) (reversing a court of appeals decision for failure to remand to the BIA for a determination of whether the alien petitioners were eligible for asylum based upon membership in a particular family); INS v. Orlando Ventura, 537 U.S. 12, 16-17 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context.").

In Rotimi, the Second Circuit declined to address a similar question about the meaning of § INA 212(h)'s "lawfully resided continuously" requirement and remanded to the BIA to give it an opportunity to provide a precedential interpretation of "lawfully resided continuously." 473 F.3d at 57-58. The Rotimi court followed

7

an earlier case in which the Second Circuit explained that remanding to the BIA to obtain a first-instance statutory interpretation was appropriate because (1) the BIA's interpretation is entitled to deference, and thus any court interpretation "would be for nought should the BIA subsequently reach a different, yet reasonable, interpretation of [an] ambiguous provision"; (2) immigration cases often involve complex public and foreign policy concerns with which the executive branch is better equipped to deal; and (3) the BIA has more relevant subject-matter expertise. Jian Hui Shao v. Bd. of Immigration Appeals, 465 F.3d 497, 501-03 (2d Cir. 2006), cited in Rotimi, 473 F.3d at 58. We found this reasoning persuasive and initially decided to remand this case to the BIA. However, as indicated, after the Second Circuit remanded Rotimi to the BIA, the BIA decided in a precedential decision that the phrase "lawfully resided continuously" does not include periods of time during which an alien, who has no other basis for claiming lawful residence, is an applicant for adjustment of status. See Rotimi, 24 I. & N. Dec. at 568. For the reasons discussed above, the BIA's interpretation of § 212(h) in its precedential Rotimi opinion is entitled to Chevron deference. Moreoever, we find that the "lawfully resided continuously" requirement in 212(h) is ambiguous and the BIA's interpretation of the requirement is reasonable. Therefore, because Quinchia in this case depends upon

8

a period of time while his application for adjustment of status was pending, he is ineligible for discretionary relief from removal under § 212(h) of the INA.

PETITION FOR REVIEW DENIED.