[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16013

_____

Agency No. A029-356-681

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2010
JOHN LEY
CLERK

CARLOS ROBERTO VILA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 10, 2010)

Before EDMONDSON and PRYOR, Circuit Judges, and CAMP,* District Judge.

PRYOR, Circuit Judge:

_____

   * Honorable Jack T. Camp, United States District Judge for the Northern District of
Georgia, sitting by designation.

This petition presents the question whether an alien living in the United States with an approved I-140 visa petition is "lawfully resid[ing] . . . in the United States" under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h), which grants the Attorney General the discretion to waive the removal of an alien who has been convicted of a crime of moral turpitude. The Attorney General lacks the authority for an alien who has not "lawfully resided continuously" in the United States for the seven years before the initiation of his removal proceeding. Carlos Roberto Vila, who was convicted of burglary in 2000, petitions for review of a decision of the Board of Immigration Appeals that vacated an immigration judge's decision that Vila is eligible for relief under section 212(h). The immigration judge determined that Vila is statutorily eligible for a waiver of inadmissibility because he had lived in the United States with an approved I-140 visa petition from September 12, 1994, until he became a lawful permanent resident on June 21, 2000. Because Vila's approved I-140 visa petition did not make him a lawful resident under section 212(h), we deny his petition for review.

## I. BACKGROUND

Carlos Roberto Vila, a native and citizen of Peru, entered the United States without inspection on October 25, 1988. On October 4, 1989, the Immigration and Naturalization Service initiated removal proceedings against Vila. Because Vila did not appear at his removal hearing, the government administratively closed the

2

proceedings. In 1994, an employer filed on Vila's behalf an I-140 visa petition for an alien worker, and the Immigration and Naturalization Service approved the petition on September 12, 1994.

On November 7, 1994, Vila filed an I-485 application to register as a permanent resident or adjust status. Although Vila had not obtained an immigration visa abroad, section 245(i) of the Immigration and Nationality Act permitted him to apply to adjust his status because he was physically present in the United States and held an approved I-140 visa petition. See 8 U.S.C. § 1255(i). On August 21, 1996, the government reopened Vila's removal proceedings to allow him to pursue his I-485 application for permanent resident status under section 245(i). The Immigration and Naturalization Service approved Vila's I-485 application, and he became a lawful permanent resident on June 21, 2000.

On July 22, 2003, upon return from a trip abroad, Vila sought admission to the United States at Miami International Airport as a returning lawful permanent resident. On October 28, 2003, the Department of Homeland Security issued Vila a notice to appear that charged him with inadmissibility because of a prior conviction for a crime of moral turpitude. The government determined that Vila was inadmissible because on September 14, 2000, Vila pleaded no lo contendere to a charge of burglary in Dade County, Florida.

Vila conceded inadmissibility absent a waiver under section 212(h) of the

Act, which grants the Attorney General of the United States discretion to waive the removal of an alien who has been convicted of a crime of moral turpitude, 8 U.S.C. § 1182(h)(1)(B). The Attorney General lacks that discretion for an alien who has not "lawfully resided continuously" in the United States for the seven years before the filing of his removal proceedings. Id. § 1182(h). Vila argued that he is eligible for a waiver, under section 212(h), because he had lawfully resided in the United States for at least the seven years before the initiation of his removal proceedings on October 25, 2003.

An immigration judge found that Vila is eligible for a section 212(h) waiver because he had lawfully resided in the United States since September 12, 1994, when the government approved his I-140 visa petition. The immigration judge then exercised her discretion to grant Vila a waiver under section 212(h). The immigration judge found that Vila's children would suffer extreme hardship if Vila were not permitted to remain in the United States to provide for them.

On appeal, the Board ruled, based on its decision in In re Rotimi, 24 I. & N. Dec. 567 (BIA 2008), that Vila is statutorily ineligible for a section 212(h) waiver. The Board found that Vila had not lawfully resided in the United States until he became a lawful permanent resident on June 21, 2000. The Board vacated the immigration judge's decision and ordered Vila removed to Peru.

## II. JURISDICTION

We have jurisdiction to review the decision of the Board that Vila is statutorily ineligible for a waiver of inadmissibility. 8 U.S.C. § 1252(a)(2)(D); see also Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008); Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1311–12 (11th Cir. 2006).

## III.  STANDARD OF REVIEW

We review issues of statutory interpretation de novo, but we defer to a reasonable interpretation of the statute by the agency that administers it. Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005) (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 2781–83 (1984)).

## IV.  DISCUSSION

Vila argues that he is eligible for a section 212(h) waiver because he was lawfully residing in the United States from at least August 21, 1996, until his removal proceedings commenced on October 25, 2003. Vila argues that from August 21, 1996, until June 21, 2000, he was lawfully residing in the United States because he possessed both an approved I-140 visa petition and a pending I-485 application for adjustment of status. The parties do not dispute that from June 21, 2000, when the government approved Vila's I-485 application to adjust status, until October 25, 2003, Vila was lawfully residing in the United States as a lawful permanent resident. The issue presented is whether Vila's approved I-140 visa

5

petition made him a lawful resident of the United States from August 21, 1996, until June 21, 2000. We hold that it did not.

In Rotimi, the Board rejected an argument that an alien had resided lawfully in the United States under section 212(h) while his application for adjustment of status was pending. The Board reasoned that lawful residence "requires some formal action beyond a mere request for authorization or the existence of some impediment to actual physical removal." In re Rotimi, 24 I. & N. Dec. at 574. "The lawfulness of an alien's residence stems from the grant of a specific privilege to stay in this country, not the mere fact that he or she is an applicant for such a privilege." Id. In Quinchia, we ruled that the decision of the Board in Rotimi is precedential and entitled to Chevron deference. 552 F.3d at 1259.

Vila argues that, unlike the aliens in Quinchia and Rotimi, he held an approved I-140 visa petition while his application for adjustment of status was pending from August 14, 1996, until June 21, 2000, but Vila's approved visa petition did not make him a lawful resident under section 212(h). The approval of Vila's visa petition was nothing more than a preliminary step in his application for adjustment of status, Usmani v. U.S. Att'y Gen., 483 F.3d 1147, 1149 (11th Cir. 2007); Haswanee v. U.S. Att'y Gen., 471 F.3d 1212, 1215 (11th Cir. 2006), in the same way that the approval of an I-130 visa petition for an immediate relative was a preliminary step in Rotimi's application for adjustment of status, Rotimi v.

6

Holder, 577 F.3d 133, 134 (2d Cir. 2009), and in Quinchia's application for adjustment of status, Quinchia, 552 F.3d at 1257. The instructions accompanying the I-140 petition itself make it clear that approval of the petition does not make a petitioner a lawful resident:

> Approval of a petition means you have established that the person you are filling [sic] for is eligible for the requested classification.
> This is the first step towards permanent residence. However, this does not in itself grant permanent residence or employment authorization. You will be given information about the requirements for the person to receive an immigrant visa or to adjust status after your petition is approved.

U.S. Citizenship & Immigration Servs., Dep't of Homeland Sec., OMB No. 1615-0015, Instructions for I-140, Immigration Petition for Alien Worker 6 (2009), available at http://www.uscis.gov/files/form/i-140instr.pdf (all Internet materials as visited March 9, 2010, and available in Clerk of Court's case file). Because Vila's approved I-140 visa petition did not make him a lawful resident at any time before June 21, 2000, when the Immigration and Naturalization Service formally approved his application for adjustment, Vila did not lawfully reside continuously in the United States for the seven years preceding the initiation of his removal proceedings on October 25, 2003. The Board did not err in ruling that Vila is ineligible for relief under section 212(h).

## V. CONCLUSION

The petition for review is **DENIED**.

7