[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12451
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 6, 2011
JOHN LEY
CLERK

Agency No. A078-690-823

YUE MEI DING,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 6, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Yui Mei Ding, a native and citizen of the People's Republic of China, seeks review of the final order of the Board of Immigration Appeals ("BIA"), affirming the opinion of the Immigration Judge ("IJ") and dismissing Ding's claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231.[1]  On appeal, Ding argues that: (1) substantial evidence does not support the BIA's determination that she was ineligible for asylum and withholding of removal because she failed to show a well-founded fear of future persecution for resisting China's coercive family planning policies; and (2) the BIA legally erred in requiring her to establish a well-founded fear of future persecution by showing that she (A) violated the Chinese government's coercive family planning policies and, (B) would "necessarily" be subject to persecution upon return to China.  After thorough review, we deny the petition.

In a case like this, in which the BIA issued its own opinion, we review "only the decision of the BIA, except to the extent the BIA expressly adopts the IJ's decision." Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007).

---

[1] Ding has abandoned her claim for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment because she fails to make more than a passing reference to the claim on appeal.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Here, the BIA issued its own opinion, upholding the IJ's denial of asylum, withholding of removal, and CAT relief, so we only review the BIA's decision.

We review questions of law, including the BIA's statutory interpretations, <u>de novo</u>. <u>Delgado v. U.S. Att'y Gen.</u>, 487 F.3d 855, 860 (11th Cir. 2007); <u>Jaggernauth v. U.S. Att'y Gen.</u>, 432 F.3d 1346, 1350 (11th Cir. 2005). However, following the principles of <u>Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984), when we review the BIA's construction of a statute that it administers, we "will defer to the BIA's interpretation of [the] statute if it is reasonable and does not contradict the clear intent of Congress." <u>Quinchia v. U.S. Att'y Gen.</u>, 552 F.3d 1255, 1258 (11th Cir. 2008) (quotation omitted). In reviewing an agency's interpretation of a statute under <u>Chevron</u>, the first step of the analysis is to determine "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." <u>Chevron</u>, 467 U.S. at 842-43. However, "when a court reviews an agency's construction of the statute which it administers . . . and the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." <u>Quinchia</u>, 552 F.3d at 1258 (quotation and alterations omitted).

3

Finally, we review findings of fact for substantial evidence to support them. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009). Under the substantial evidence test, we view the evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. Id. at 1351. This review for substantial evidence is highly deferential: "To reverse factual findings by the Board, we must find that the record not only supports reversal, but compels it. The mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. (quotations, alternations, and citation omitted).

The INA gives the Attorney General or the Secretary of Homeland Security discretion to grant asylum to any non-citizen who meets the definition of "refugee." 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . political opinion.

8 U.S.C. § 1101(a)(42)(A). Section 101(a)(42)(B) of the INA further provides asylum eligibility for the following persons:

> a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive

4

population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B). The asylum applicant carries the burden of proving statutory refugee status, and thereby establishing asylum eligibility. Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

"To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution, that is (2) on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (quotations and citation omitted). The applicant must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [the protected ground]." Sepulveda, 401 F.3d at 1231. However, the applicant need not show that she will be singled out if she can establish that her country engages in a pattern or practice of persecution of a group of similarly situated persons on account of a protected ground. Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1200 (11th Cir. 2009). Notably, an alien who fails to establish that she has a well-founded fear of persecution necessarily fails to establish eligibility for withholding of removal. Id.

5

As to what constitutes a well-founded fear, the Supreme Court has explained "that so long as an objective situation is established by the evidence, it need not be shown that the situation will probably result in persecution, but it is enough that persecution is a reasonable possibility." I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987) (quotation omitted). However, the Supreme Court declined to elaborate further and, instead, observed that

> [t]here is obviously some ambiguity in a term like "well-founded fear" which can only be given concrete meaning through a process of case-by-case adjudication. In that process of filling any gap left, implicitly or explicitly, by Congress, the courts must respect the interpretation of the agency to which Congress has delegated the responsibility for administering the statutory program.

Id. at 448 (quotations omitted).

The BIA has determined that there is objective evidence supporting a genuine fear of returning to China if the alien shows (1) "the details of the family planning policy relevant to [her]," (2) "the alien violated the policy," and (3) "the violation of the family planning policy would be punished in the local area in a way that would give rise to an objective fear of future persecution." In re J-H-S-, 24 I.&N. Dec. 196, 198-99 (BIA 2007), pet. for review denied sub nom. Shao v. Mukasey, 546 F.3d 138 (2d Cir. 2008); see also In re J-W-S-, 24 I.&N. Dec. 185, 185-89 (BIA 2007).

6

Here, the BIA did not legally err in requiring Ding to demonstrate that she violated China's coercive family planning policy because the requirement, as articulated in the BIA's three-part test for determining whether a genuine fear of returning to China is objectively reasonable, is a reasonable interpretation of the term "well-founded fear" in 8 U.S.C. § 1101(a)(42)(B). Indeed, Ding has not argued that the BIA's construction of § 1101(a)(42)(B) was unreasonable or at odds with the legislative intent, and thus, has abandoned any argument to that end. Sepulveda, 401 F.3d at 1228 n.2. Nor did the BIA require Ding to demonstrate that she "necessarily" would be persecuted in order to establish a well-founded fear of persecution, as Ding argues. Rather, the BIA found that there was no pattern or practice of persecution against respondents in precedential BIA decisions predicated on the birth of U.S. citizen children and that Ding's documentary evidence was not materially distinguishable from the evidence presented in those cases. Thus, BIA did not legally err in applying J-H-S- to Ding.

Further, substantial evidence supports the finding that Ding failed to demonstrate that she has a well-founded fear of forced sterilization or a fine rising to the level of persecution for resisting China's coercive family planning policies. Although the documentary evidence submitted in this case cites reports of forced sterilizations from Fujian Province, the record as a whole indicates that China's

7

family planning policy is largely dependent upon economic incentives and penalties and, thus, does not compel the conclusion that there is a pattern or practice in Fujian Province of forcibly sterilizing women like Ding or that Ding personally faces forced sterilization if returned to China. Moreover, Ding's particularized evidence does not alter this conclusion. As a result, she has failed to meet her burden of proof for asylum. Because she failed to meet her burden of proof for asylum, Ding also failed to meet the higher burden required for withholding of removal. Accordingly, we deny the petition in these regards.

**DENIED.**