[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11592
Non-Argument Calendar
_____

Agency No. A089-484-757

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2011
JOHN LEY
CLERK

GUSTAVO ENRIQUE SUAREZ SANCHEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 22, 2011)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Gustavo Suarez Sanchez ("Suarez"), a native and citizen of Venezuela, seeks

review of the Board of Immigration Appeals ("BIA") final order affirming the Immigration Judge's ("IJ") order of removal pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). The BIA concluded that Suarez was statutorily ineligible for adjustment of status to that of a lawfully admitted permanent resident because he had been admitted into the United States as an alien in transit without visa ("TWOV"). Suarez concedes that he was initially admitted into the United States in TWOV status when he arrived at the Houston-Bush Intercontinental Airport. He argues that, contrary to the BIA's conclusion, he was subsequently admitted into the United States in a status other than TWOV when an immigration officer inspected his passport and airline ticket, and permitted him to leave the airport's immigration lounge and enter the general airport area for the purpose of accessing the airport's services. Thus, Suarez argues that he was statutorily eligible for an adjustment of status.

## I.

When examining a petition for review, we must first consider whether we have subject matter jurisdiction. Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004). We review our subject matter jurisdiction de novo. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). We generally lack jurisdiction to review a judgment regarding an alien's adjustment of status to that of

2

a lawfully admitted permanent resident. 8 U.S.C. § 1252(a)(2)(B)(i); see 8 U.S.C. § 1255. We, nonetheless, retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). Thus, we have jurisdiction to review a claim to the extent that it challenges the application of a legal standard to an undisputed factual pattern, but we may not review the BIA's factual findings. Jean-Pierre v. U.S. Att'y Gen., 500 F.3d 1315, 1322 (11th Cir. 2007).

Because Suarez's eligibility for adjustment of status claim challenges the application of the relevant statutory legal standard to the undisputed facts, we have jurisdiction to consider his claim. Id.

## II.

Where the BIA issues its own opinion, we review only the BIA's decision unless the BIA expressly adopts the IJ's decision. Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304 (11th Cir. 2009). Here the BIA issued its own decision, without expressly adopting the IJ's decision, and we therefore review only the BIA's decision.

We review issues of law de novo, including questions of statutory interpretation. De Sandoval v. U.S. Att'y Gen., 440 F.3d 1276, 1278 (11th Cir. 2006). However, following the principles of Chevron deference, when we review the BIA's construction of a statute that it administers, we "will defer to the BIA's interpretation of [the] statute if it is reasonable and does not contradict the clear intent

3

of Congress." Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008) (quotation omitted).

If certain criteria are satisfied, the Attorney General may adjust the status of an alien who was "inspected and admitted or paroled into the United States" to that of a permanent resident. 8 U.S.C. § 1255(a). Aliens admitted in TWOV status, however, are not eligible to have their status adjusted to that of a lawfully admitted permanent resident unless they meet specific statutory criteria not applicable here. 8 U.S.C. § 1255(c), (i); 8 C.F.R. § 245.1(b)(1) (providing that aliens that enter the United States in transit without a visa are ineligible to apply for adjustment of status to that of a lawful permanent resident).

"Admission" and "admitted" denote "the lawful entry of [an] alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). The INA no longer defines the term "entry." Prior to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), however, "entry" was defined as the "coming of any alien into the United States, from a foreign port or place or from an outlying possession, whether voluntary or otherwise." 8 U.S.C. § 1101(a)(13) (1995). Moreover, the BIA has determined that an "entry" requires, among other things, "a crossing into the territorial limits of the United States." Matter of Martinez-Serrano, 25 I. & N. Dec. 151, 153 (BIA 2009) (quotation

4

omitted); <u>Farquharson v. U.S. Att'y Gen.</u>, 246 F.3d 1317, 1320-21 (11th Cir. 2001).

After thorough review of the record and the parties' briefs, we deny the petition. In light of the historical definition of "entry," Suarez's prior admission to the United States in TWOV status when he arrived at the Houston airport, and the absence of any intervening departure, the BIA's conclusion that the immigration officer's consent to Suarez's request to access the general airport area did not constitute a separate "admission" to the United States under 8 U.S.C. § 1101(a)(13)(A) was a reasonable construction of the INA to which we must defer. <u>See</u> <u>Quinchia</u>, 552 F.3d at 1258. And because Suarez was only admitted to the United States in TWOV status, he was statutorily ineligible for an adjustment of his status. 8 U.S.C. § 1255(c); 8 C.F.R. § 245.1(b)(1).

**PETITION DENIED.**