[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12634
Non-Argument Calendar
_____

Agency No. A086-966-478

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 6, 2012
JOHN LEY
CLERK

GRACELYN RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 6, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Gracelyn Rodriguez, a native and citizen of the Philippines, seeks

review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") final order of removal. While in the Philippines, Rodriguez obtained a C1/D visa after representing on her application to the United States Department of State that she was a "seafarer," and subsequently gained admission to the United States on that visa. Rodriguez now argues that the BIA erred when it pretermitted her application for adjustment of status to that of an alien lawfully admitted for permanent residence after concluding that she was statutorily ineligible for such relief because she was a crewman. She asserts that she was not a crewman because she came to the United States intending to work at a country club, and never intended to work on a ship.

As an initial matter, we review only the BIA's judgment because the BIA did not expressly adopt the IJ's decision. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

## I. Jurisdiction

We review *de novo* whether we have subject matter jurisdiction. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007) (per curiam). We do not retain jurisdiction to review a BIA judgment regarding the granting of adjustment of status. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), *cross referencing* INA § 245, 8 U.S.C. § 1255. Nonetheless, we do have jurisdiction to review a

question of law or constitutional claim raised in a petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). We have jurisdiction to review non-discretionary legal determinations as to statutory eligibility for discretionary relief. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010).

We conclude from the record that we have jurisdiction over Rodriguez's claim because she challenges the BIA's non-discretionary legal determination that she was statutorily ineligible for adjustment of status.

## II. Alien Crewman

We review questions of law *de novo*, including the BIA's statutory interpretations. *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 (11th Cir. 2006). We give *Chevron*[1] deference, where appropriate, to single-judge, non-precedential BIA decisions where the BIA relied upon its own precedential opinion. *See Quinchia v. U.S. Att'y Gen.*, 552 F.3d 1255, 1258 (11th Cir. 2008) (distinguishing cases where the agency relied on a federal court's or the BIA's precedential opinion, and concluding that a single-judge, non-precedential BIA opinion is not entitled to *Chevron* deference where it does not rely on existing BIA or federal court precedent). We must defer to the BIA's construction of a statute

---

[1] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984).

that it administers if it is reasonable and does not contradict the clear intent of Congress. *Id*. The first step in *Chevron* analysis is to determine whether Congress has directly spoken to the precise question at issue. *Chevron, U.S.A., Inc.*, 467 U.S. at 842-43, 104 S. Ct. at 2781. We, as well as the BIA, must give effect to the unambiguously expressed intent of Congress. *Id*. Where a statute is silent or ambiguous with respect to the precise issue at hand, however, the question for us is whether the BIA's answer is based upon a permissible construction of the statute. *Id*. at 843, 104 S. Ct. at 2782. In such a case, we may not substitute our own construction of a statutory provision for a reasonable interpretation made by the BIA. *Quinchia*, 552 F.3d at 1258.

The Attorney General, at his discretion, may adjust the status of an alien to that of an alien lawfully admitted for permanent residence if the alien meets certain requirements. INA § 245(a), 8 U.S.C. § 1255(a). An alien bears the burden of proving her eligibility for adjustment of status. INA § 240(c)(4), 8 U.S.C. § 1229a(c)(4). Alien crewmen, however, are statutorily ineligible for adjustment of status. INA § 245(c), 8 U.S.C. § 1255(c). The INA defines a "crewman" as a person serving in any capacity on board a vessel or aircraft. INA § 101(a)(10), 8 U.S.C. § 1101(a)(10).

When determining whether an alien qualifies as a crewman, the BIA

examines the alien's visa and the circumstances surrounding her entry into the United States. *Matter of G-D-M-*, 25 I. & N. Dec. 82, 85 (BIA 2009). An alien is a crewman if it is apparent that she was issued a visa as a crewman and entered the United States in pursuit of her occupation as a seaman, and, upon entry as a crewman, the alien cannot avoid the limitations associated with that status. *Id*. at 84-85. The focal issue in determining whether an alien qualifies as a crewman is whether she entered the United States in pursuit of her calling as a seaman. *Parzagonis v. I.N.S.*, 747 F.2d 1389, 1390 (11th Cir. 1984) (per curiam).

We conclude that the BIA's finding that Rodriguez was a crewman despite her subjective intention to work in the United States at a country club was a reasonable construction of the Immigration and Nationality Act to which we must defer. Because Rodriguez was a crewman, she was statutorily ineligible for adjustment of status.

After a careful and thorough review of the administrative record and the parties' briefs, we deny Rodriguez's petition for review.

**PETITION DENIED.**