[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12531
Non-Argument Calendar
_____

Agency No. A070-697-282


XIA JIANG,
WEI TONG LIN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____
(October 17, 2012)

Before CARNES, FAY, and EDMONDSON, Circuit Judges.


PER CURIAM:

Xia Jiang and her husband, Wei Tong Lin, both natives and

citizens of China, petition for review of the order of the Board of Immigration

Appeals ("BIA") denying their motion to reopen their removal proceedings. No reversible error has been shown; we affirm.

Jiang and Lin each entered the United States in 1993 and were later charged as removable. Lin filed an application for asylum which was consolidated for Jiang's application for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Judge denied relief, and the BIA affirmed. In January 2007, Jiang and Lin filed their first motion to reopen their removal proceedings; the BIA denied it, concluding that Jiang and Lin had failed to demonstrate a change in country conditions.

In February 2011, Jiang and Lin filed the instant motion to reopen their removal proceedings based on changed conditions in China. They argued that the local governments in their hometowns -- both in China's Fujian Province -- had recently increased enforcement of China's family planning policies. Because of these stricter enforcement measures and because the couple already had three children born in the United States, Jiang and Lin feared that they would be sterilized forcibly upon their return to China for violating China's family planning laws.

2

The BIA denied the motion as untimely and successive, concluding that Jiang and Lin failed to demonstrate a change in country conditions since their 2003 order of removal.  The BIA discounted Jiang and Lin's documentary evidence, determining that the documents either were incomplete, unauthenticated, immaterial, or had already been considered and rejected in other BIA precedential decisions.  In their petition for review, Jiang and Lin argue that the BIA abused its discretion by denying their motion after considering selectively the evidence in the record.

We review the BIA's denial of a motion to reopen for abuse of discretion.  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner."  Id.  "Motions to reopen in removal proceedings are particularly disfavored."  Id.

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  8 U.S.C. § 1229a(c)(7)(B).  Parties may file only one motion to reopen, which must be filed within 90 days after the final administrative order.  8 C.F.R. § 1003.2(c)(2).  These mandatory numerical and

3

time limitations do not apply, however, "when (1) an alien files a motion to reopen that seeks asylum, withholding of removal, or relief under the Convention Against Torture; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings." Jiang, 568 F.3d at 1256 (citing 8 C.F.R. § 1003.23(b)(4)(i); see also 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceeding were opened, the new evidence would likely change the result in the case." Jiang, 568 F.3d at 1256-57.

To qualify for asylum or withholding of removal, Jiang and Lin must establish that they have a well-founded fear of persecution if they are removed to China on account of their race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(b)(1), 1231(b)(3). The Immigration and Nationality Act provides that "a person who has a well founded fear that he or she will be forced to undergo [an abortion or sterilization] or subject to persecution for such failure, refusal, or

4

resistance shall be deemed to have a well founded fear of persecution on account of political opinion."  8 U.S.C. § 1101(a)(42)(B).

In rendering its opinion, the BIA is not required to discuss every piece of evidence.  See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006). Where the BIA has given reasoned consideration to the petition, and made adequate findings, no requirement exists that it address specifically each claim made by the petitioner or each piece of evidence presented by the petitioner. Instead, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  Id. (quotation omitted).

The BIA considers purported official documents that are unsigned, unauthenticated, and obtained for purposes of an immigration hearing to be entitled to minimal weight; letters from interested witnesses who are not subject to cross-examination are of limited probative value.  See Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 214-215 (BIA 2010).  The BIA considers U.S. State Department reports on country conditions, including the Country Profiles, to be highly probative evidence and usually the best source of information on conditions in foreign countries; such reports are accorded

5

special weight. Id. at 213; see also Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1354 (11th Cir. 2009).

Jiang and Lin presented a series of documents indicating that China's family planning policies in many areas of China were responsible for forced sterilizations and abortions. Jiang and Lin submitted a joint affidavit stating that they feared forced sterilization based on those reports and argued that the reports indicated that enforcement of the family planning policies in their hometowns had become "even stricter" than in the past. They also submitted affidavits from four Chinese nationals -- all of whom were from Fujian Province and one of whom was from Lin's hometown -- who attested that they were forced to undergo sterilization procedures after violating China's family planning policies. Three of the affiants purportedly were sterilized upon their return to China because they had more than one foreign-born child.

In denying Jiang and Lin's motion to reopen, the BIA listed the evidence submitted in support of the motion. The BIA concluded that some of the documents submitted were incomplete and several of the documents already had been considered and addressed by the BIA in precedential decisions. The BIA concluded that the evidence submitted indicates that "social compensation

6

fees, job loss or demotion, loss of promotion opportunity, expulsion from the party, destruction of property, and other administrative punishments are used to enforce the family planning policy." The BIA conceded that China regards a child of Chinese nationals who have not permanently settled in another country -- such as Jiang and Lin -- as a Chinese national, but found the evidence insufficient to show that Jiang and Lin would face forcible sterilization or economic sanctions amounting to persecution. About the affidavits of other Chinese nationals, the BIA noted that the documents were unauthenticated, and Jiang and Lin failed to show that the circumstances in the affiants' cases were the same as the circumstances in their case. The BIA concluded that the documents proffered in support of the motion to reopen (i) failed to show that China's family planning policy is enforced more stringently in Jiang and Lin's hometowns; and (ii) failed to constitute unambiguous corroboration of incidents of coerced sterilization sufficient to warrant reopening.

Jiang and Lin argue that they have presented evidence similar to the evidence submitted by petitioners in Zhang v. US. Att'y Gen., 572 F.3d 1316 (11th Cir. 2009); Jiang v. U.S. Att'y Gen., 568 F.3d 1252 (11th Cir. 2009); and Li v. U.S. Att'y Gen., 488 F.3d 1371 (11th Cir. 2007), in each of which appeals

7

we concluded that the BIA abused its discretion in its consideration of the evidence of changed country conditions. But the petitioners in Zhang, Jiang, and Li presented specific evidence of a *change* in the enforcement of China's family planning policy in their hometowns. See Zhang, 572 F.3d at 1320; Jiang, 568 F.3d at 1257-58; Li, 488 F.3d at 1375. Jiang and Lin failed to present compelling evidence of a *change* of enforcement in their hometowns. Instead, most of the evidence that Jiang and Lin submitted discussed general trends or family planning policies in other localities; they failed to show the relevance of that evidence to their claim.

The BIA also determined that it had previously considered in its precedential decisions some of the documents proffered by Jiang and Lin. In those decisions, the BIA determined that the documents failed to establish increased enforcement of China's family planning policies. See Matter of H-L-H- and Z-Y-Z-, 25 I. &N. Dec. 209 (BIA 2010); In re S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007); In re J-H-S-, 24 I. & N. Dec. 196 (BIA 2007); and In re C-C-, 23 I. & N. Dec 899 (BIA 2006). As we have said, we will apply *Chevron* deference where a BIA decision rests upon existing BIA precedents. See Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008).

No abuse of discretion has been shown in the BIA's consideration of Jiang and Lin's documentary submissions.  The BIA gave reasoned consideration to their motion, cited the documents that they submitted, and announced its decision in sufficient terms.  See Tan, 446 F.3d at 1374.  Because the BIA did not arbitrarily conclude that the criteria for a successful motion to reopen based on materially changed country conditions were not satisfied, no error has been shown in the denial of Jiang and Lin's motion to reopen; the motion was successive and time-barred.

PETITION DENIED.