[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14627
Non-Argument Calendar
_____

Agency No. A079-439-100


JORGE MORALES,

                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 4, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Morales, a native and citizen of Peru admitted to the United States on

a non-immigrant C-1/D visa, appeals the Board of Immigration Appeals' (BIA)

order denying his motion for reconsideration of its earlier order affirming the Immigration Judge's (IJ) decision that Morales was statutorily ineligible for cancellation of removal.  On appeal, Morales argues that the BIA erred when it determined he was admitted as a crewman and therefore statutorily ineligible for cancellation of removal.  He contends that he was not admitted as a crewman because his C-1/D visa was fraudulent.

## I.

"We review the BIA's denial of a motion to reconsider for abuse of discretion."  Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003).  One way the BIA abuses its discretion is if it reaches its decision "in an arbitrary or irrational manner."  Gomez-Gomez v. INS, 681 F.2d 1347, 1349 (11th Cir. 1982).

Generally, this Court lacks jurisdiction to review discretionary determinations regarding applications of cancellation of removal.  See 8 U.S.C. § 1252(a)(2)(B) (2006); Jimenez-Galicia v. U.S. Att'y Gen., 690 F.3d 1207, 1209 (11th Cir. 2012).  However, we have jurisdiction over questions of law that arise from the denial of an application for cancellation of removal.  See 8 U.S.C. § 1252(a)(2)(D); Jimenez-Galicia, 690 F.3d at 1209.

We review questions of law de novo.  De Sandoval v. U.S. Att'y Gen., 440 F.3d 1276, 1278 (11th Cir. 2006).  We "will defer to the BIA's interpretation of a

statute if it is reasonable and does not contradict the clear intent of Congress."

Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008).

## II.

Morales was working at a restaurant in Peru when he was given a letter, apparently offering employment on a cruise ship.  He took the letter to the United States Embassy in Peru and applied for a C-1/D visa to enter as a crewman.  He was issued the visa and entered the United States on the C-1/D visa.

What happened once Morales entered the United States is not entirely clear. What we do know is that Morales entered on a C-1/D visa and has continuously maintained that the purpose of his trip to the United States was to work on a ship. We also know that Morales's visa was subsequently revoked after the U.S. State Department determined that the letter of cruise ship employment was fraudulent.

"An alien who entered the United States as a crewman subsequent to June 30, 1964[,]" is not eligible for cancellation of removal.  8 U.S.C. § 1229b(c)(1) (2006).  When determining whether an alien qualifies as a crewman, the BIA examines the alien's visa "and the circumstances surrounding his entry into the United States."  Matter of G-D-M-, 25 I. & N. Dec. 82, 85 (BIA 2009).  If an "alien was issued a visa as a crewman and entered the United States in pursuit of his occupation as a seaman, then he is to be regarded as an alien crewman."  Id.  As this Court has explained, "the focal issue is whether [the] petitioner entered the

3

United States in pursuit of his calling as a seaman." Parzagonis v. INS, 747 F.2d 1389, 1390 (11th Cir. 1984).

Morales's visa application, C-1/D visa, and statements to immigration officials at his arrival and during these proceedings indicating that he came to the United States to work on a ship, support the conclusion that he "entered the United States in pursuit of his calling as a seaman." See Parzagonis, 747 F.2d at 1390. Even though it was later determined that his visa was fraudulently obtained, that does not change the fact that he was "issued a visa as a crewman and entered the United States in pursuit of his occupation as a seaman." See Matter of G-D-M-, 25 I & N Dec. at 85. "By choosing to seek entry to the United States as a crewman, [Morales] agreed to the limitations associated with that status." Id. at 84. Therefore, Morales was not eligible for cancellation of removal. 8 U.S.C. § 1229b(c)(1).

Based on foregoing circumstances, the BIA did not abuse its discretion in denying Morales's motion for reconsideration. Accordingly, we deny Morales's petition for review.

**Petition Denied.**