[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11032
Non-Argument Calendar
_____

Agency No. A086-978-329


WALTER JOSE RUIZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 8, 2015)


Before HULL, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Walter Jose Ruiz, a native of Nicaragua, seeks review of the Board of Immigration Appeals' ("BIA") final decision affirming the Immigration Judge's ("IJ") removal order. The IJ found, and the BIA agreed, that Ruiz was removable, pursuant to the Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), based on Ruiz's Florida conviction for possession of cocaine. On appeal, Ruiz argues that his cocaine possession conviction does not qualify as a removable offense. After review, we deny the petition for review.[1]

As a threshold matter, we note that, although we lack jurisdiction to review a final removal order against an alien who has committed a controlled substance offense, we retain jurisdiction to review Ruiz's claim because its raises a question of law. See INA § 242(a)(2)(C), (D), 8 U.S.C. § 1252(a)(2)(C), (D).

The BIA and the IJ did not err in concluding that Ruiz's cocaine possession conviction was a qualifying conviction under INA § 237(a)(2)(B). An alien may be removed if he is convicted of "a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance," unless the alien's sole offense is possession of 30 grams or less of marijuana for personal use. INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).

---

[1]Because the BIA explicitly agreed with the IJ's finding of removability, we review the decisions of both the BIA and the IJ. Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010). We defer to the BIA's interpretation of a statute if it is reasonable and does not contradict Congress's clear intent. Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008).

At his removal hearing, Ruiz admitted that he was convicted of possessing cocaine under Florida Statutes § 893.13(6)(a), which prohibits an individual from possession a controlled substance, including cocaine, unless obtained under a valid prescription.  See Fla. Stat. § 893.13(6)(a).  Cocaine is a controlled substance under federal law.  See 21 U.S.C. § 812 (listing cocaine and other extracts from coca leaves as a Schedule II controlled substance).  Thus, possession of cocaine in violation of Florida Statutes § 893.13(6)(a) qualifies as an offense "relating to a controlled substance," within the meaning of INA § 237(a)(2)(B).

Ruiz argues that because he possessed only a small amount of cocaine, his Florida cocaine possession conviction is analogous to a federal misdemeanor.  However, INA § 237(a)(2)(B) plainly and unambiguously applies to all offenses relating to a controlled substance, other than the marijuana offenses specifically excluded, regardless of whether they are misdemeanors or felonies.  It is unnecessary for the BIA to look for an analogous federal offense and apply the categorical approach, as Ruiz suggests.  Cf. Moncrieffe v. Holder, __ U.S. __, __, 133 S. Ct. 1678, 1684-87 (2013) (employing the categorical approach to determine whether state marijuana possession conviction was an "aggravated felony" under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii)).

Ruiz contends that the exclusion of minor marijuana offenses should be read also to exclude similarly minor cocaine offenses.  When Congress enumerates

3

specific exceptions, however, we infer "that Congress considered the issue of exceptions and . . . limited the statute to the ones set forth" and are not free to read additional exceptions into the statute.  Lin v. U.S. Att'y Gen., 681 F.3d 1236, 1240 (11th Cir. 2012) (quotation marks omitted).  Thus, neither we nor the BIA may construe INA § 237(a)(2)(B) to exclude Ruiz's cocaine possession conviction as a removable offense.

For these reasons, the BIA and the IJ did not err in determining that Ruiz's cocaine possession conviction was for an offense "relating to a controlled substance" under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).[2]

**PETITION DENIED.**

---

[2]Ruiz does not challenge the IJ's denial of his request for a waiver of removability pursuant to INA § 212(h), 8 U.S.C. § 1182(h), except for a statement in the conclusion of his appeal brief that he is eligible for such a waiver because his cocaine possession conviction is not a felony under federal law.  Because Ruiz makes only a passing reference to his waiver request, he has abandoned this issue.  See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1352 (11th Cir. 2009).