Steve **PARZAGONIS**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE**, Respondent.

No. 84-5379
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 4, 1984.

Mark J. Newman, Walters, Costanzo, Russell, Zyne & Newman, Miami, Fla., for petitioner.

Michael P. Lindemann Dawn MacPhee—U.S. Dept. of Justice, Washington, D.C., for respondent.

Before GODBOLD, Chief Judge, KRAV-ITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Petitioner concedes deportability. The Immigration Judge and the Board of Review found that he was ineligible for suspension of deportation under 8 U.S.C. § 1254 because, under subsection (f) he had "entered the United States as a crewman." Evidence showed that, though petitioner had not previously served as a crewman, before he traveled to the United States he was hired to be a crewman for a specific vessel at Panama City, Florida. After entry he traveled to Panama City where he joined the crew of the ship. He served for a week, left the ship, and remained illegally in the United States for 12 years.

---

The Immigration Judge rejected the contention of petitioner that he did not enter as a crewman because he only became a crewman after he arrived in the United States and joined his ship. The Immigration Judge relied on *Matter of Goncalves*, 10 I & N Dec. 277 (BIA 1963), in which a seaman was employed on an American vessel that was sold abroad; he was brought back to the United States in transit so that he could ship over on a foreign vessel. He was admitted for the purpose of shipping over. Unable to obtain employment as a seaman, he took a job in the United States. The Board of Review held:

> [I]t matters little that an alien is admitted as a crewman and deserts his ship, or that he deserted the ship without being permitted to land as a crewman, or that he, as is commonplace, was brought to the United States as a passenger or workaway to reship as a seaman on another vessel.
>
> We believe that the respondent is barred from [section 244] relief because he entered in pursuit of his calling as a seaman. That he entered by reason of his occupation is clear from his testimony which shows he entered the United States to ship out as a seaman.

The Immigration Judge held that it is not necessary for a person to be a crewman before he enters the United States in order to enter as a crewman, that if he enters to ship on a vessel as a crewman he is admitted in pursuit of his calling as a seaman. The Board of Review followed *Goncalves*. Petitioner contends that the case should be controlled by *Matter of Rebelo*, 13 I & N Dec. 84 (BIA 1968), which states that the applicability of the crewman exclusion is limited to cases where the alien is serving aboard a vessel and seeks and gains admission because of his occupation in that role. We agree with the Board that *Rebelo* is not controlling. Rebelo, occupationally an alien crewman, was admitted to the United States as a properly documented visitor for pleasure. He did not enter in pursuit of his calling. If the first prong of the *Rebelo* language were applied literally as petitioner desires, neither an alien in transit between service on two different vessels nor an alien who has left the service of a vessel outside the United States and returns to the United States and rejoins that same vessel would be a crewman within the meaning of subsection (f). We agree with the Board that *Goncalves* is properly applied to this case and that the focal issue is whether petitioner entered the United States in pursuit of his calling as a seaman.

AFFIRMED.