# Matter of G-D-M-, Respondent

*Decided October 8, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who entered the United States pursuant to a crewman's visa for the purpose of obtaining employment as a crewman is statutorily ineligible for cancellation of removal under section 240A(c)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(c)(1) (2006). *Matter of Goncalves*, 10 I&N Dec. 277 (BIA 1963), followed.

FOR RESPONDENT: Anayancy R. Housman, Esquire, Elizabeth, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Joseph Silver, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

MULLANE, Board Member:

In a decision dated August 18, 2006, an Immigration Judge found the respondent removable under section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B) (2006), as a nonimmigrant who remained in the United States longer than permitted.[1] The Immigration Judge also found the respondent ineligible for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2006),[2] denied his motion to terminate removal proceedings, and granted him the privilege of voluntary departure. The respondent has appealed from the Immigration Judge's decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a 46-year-old native and citizen of the Philippines who was admitted to the United States on June 17, 1994, at Los Angeles,

---

[1] The respondent, through counsel, conceded the charge of removability at a hearing on December 9, 2004.

[2] The respondent filed his application for cancellation of removal in February 2005, and therefore his claim is not governed by the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302, which applies to applications filed on or after May 11, 2005.

California. He resides with his 10-year-old United States citizen daughter and her mother, who is also a native and citizen of the Philippines.

The record reflects that the respondent was issued a Form I-94 (Arrival-Departure Record) that classified him as a C-1 nonimmigrant in transit, and his passport included a "C-1/D" visa. The "D" on his visa indicated that he had been accorded "alien crewman" status under section 101(a)(15)(D) of the Act, 8 U.S.C. § 1101(a)(15)(D) (1994).[3] At the time of his entry, he possessed a Seaman's Service Record Book issued by the Philippine Coast Guard on May 19, 1994.[4] The respondent identified himself as a "crewman" in the entry for "current immigration status" in an asylum application dated August 10, 1994. He subsequently withdrew the asylum application at a hearing on August 18, 2004.

The respondent testified at his hearing in 2006 that when he was admitted to the United States, he was planning to work on a ship. Although he came to the United States for that purpose, he did not have a license for employment aboard a specific ship on his arrival. According to the respondent, he had never been employed as a crewman and had not received any formal training as a seaman. After he entered the United States, he was never employed as a crewman.

In her decision, the Immigration Judge found the respondent removable for remaining in the United States longer than permitted following his admission as a nonimmigrant under section 101(a)(15) of the Act. Because the Immigration Judge found the respondent to be a crewman, she concluded that he was statutorily ineligible for cancellation of removal under section 240A(c)(1), which states that cancellation of removal is not available to "[a]n alien who entered the United States as a crewman subsequent to June 30, 1964." She also denied the respondent's motion to terminate, finding no issue regarding possible improper notice in the Notice to Appear (Form I-862), which reflected an incorrect date and status of admission but nevertheless properly informed the respondent that he was charged with remaining in the United States longer than his nonimmigrant status allowed.

In finding the respondent ineligible for cancellation of removal, the Immigration Judge relied on our decision in *Matter of Goncalves*, 10 I&N Dec. 277 (BIA 1963), which concerned an alien who had been employed on an

---

[3] Under section 101(a)(10) of the Act, the term "crewman" is defined as "a person serving in any capacity on board a vessel or aircraft." The phrase "any capacity" encompasses a wide range of jobs aboard a vessel and is not limited to operation of the vessel.

[4] The Seaman's Service Record Book states that the "Seaman's Service Record Book is a SEAFARER'S IDENTITY DOCUMENT issued for the purpose of providing the holder with Identity papers for travel to or from an assigned vessel, and of providing a record of the holder's sea service."

American vessel that was sold abroad and who entered the United States in transit to reship but subsequently became unemployed while in the United States. We held that the alien was ineligible for suspension of deportation and adjustment of status because his entry in transit to ship on another vessel constituted an entry as a crewman. We noted that he entered the United States in pursuit of his calling as a seaman, which was evidenced by his testimony that he entered to ship out as a seaman and by his record of entry reflecting that he entered as a crewman and was a seaman intending to reship foreign. *Id.* at 279-80.

On appeal, the respondent challenges the conclusion that he was a crewman upon his admission to the United States. Although he acknowledges that he was admitted to the United States with a C1/D visa indicating he was a crewman, he claims that he should not be formally classified as a crewman because he did not enter the United States with current employment aboard a ship. Consequently, he argues that he is eligible for cancellation of removal.

## II. ANALYSIS

We review the Immigration Judge's findings of fact under the "clearly erroneous" standard, while we review de novo all other issues, including those regarding burden of proof and the exercise of discretion. *Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008); *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008); 8 C.F.R. § 1003.1(d)(3)(i)-(ii) (2009).

We conclude that the Immigration Judge's decision is correct under *Matter of Goncalves*, 10 I&N Dec. 277, because the respondent received his visa and entered the United States in pursuit of employment as a crewman. As we held in that case, "[W]e believe it was the intent of Congress to bar all occupational seamen who entered by reason of their occupation." *Id.* at 279. In this connection, we note that the respondent entered the United States on a C-1/D visa; he possessed a Seaman's Service Record Book that was recently issued by the Philippine Coast Guard; he identified himself as a "crewman" in an asylum application submitted shortly after his entry; and he testified that he was planning to work on a ship. Under these circumstances, we agree that the respondent entered the United States by reason of his occupation as a seaman, regardless of whether he ever had been employed as a crewman, had any prior training or experience in this occupation, or had located future employment aboard a specific vessel. By choosing to seek entry to the United States as a crewman, the respondent agreed to the limitations associated with that status.

Therefore, he cannot now avoid the consequences of those restrictions in removal proceedings by claiming not to be a crewman.[5]

Our general approach, which we reaffirm in this case, has been to examine an alien's visa and the circumstances surrounding his entry into the United States to determine if he entered as a crewman. If it is apparent, as it is in the respondent's case, that the alien was issued a visa as a crewman and entered the United States in pursuit of his occupation as a seaman, then he is to be regarded as an alien crewman. *See Matter of Tzimas*, 10 I&N Dec. 101 (BIA 1962) (holding that an alien who was admitted with a C-1 in transit visa was ineligible for adjustment of status because he had entered to serve as an alien crewman).

A review of our precedent decisions indicates that we have consistently examined the type of visa an alien possessed, as well as the nature of his admission, to determine whether he should be considered a crewman. For example, we have concluded in other contexts that an alien is not a "crewman" even if his means of arrival in the United States was as a crewman or he had previously entered as a crewman, provided that his most recent admission was not as a crewman. *See Matter of Rebelo*, 13 I&N Dec. 84 (BIA 1968) (holding that an alien admitted with a B-2 nonimmigrant visitor's visa was not entering as a crewman, even though he was serving as a ship's engineer); *Matter of Quintero-Correa*, 11 I&N Dec. 343 (BIA 1964) (finding that an alien admitted with a B-2 nonimmigrant visitor's visa was not entering as crewman arriving aboard a freighter, although he earned half his fare by serving meals to the crew and washing dishes). On the other hand, we have held that an alien entering the United States as a B-2 nonimmigrant visitor for pleasure can be considered a crewman where he "intended to pursue his calling as a crewman aboard [a ship]." *Matter of Campton*, 13 I&N Dec. 535, 538 (BIA 1970) (concluding that "the respondent's last entry . . . was sought and gained solely in pursuit of his occupation").

---

[5] The respondent contends that his case may be distinguished from *Matter of Goncalves*, and he relies on an unpublished Board order issued in 2005. In that case, an unemployed alien who previously had served as a crewman was admitted into the United States on a C-1 in transit visa. An Immigration Judge found that the alien was subject to removal under sections 237(a)(1)(B) and (C)(i) of the Act and determined that he was a crewman who was not eligible for cancellation of removal or adjustment of status. We held that the alien's entry in transit did not constitute entry as a crewman and that he was in effect an "intending" crewman who was eligible for relief. However, we have determined that *Matter of Goncalves* applies to the respondent's case. Moreover, an unpublished Board decision does not serve as controlling precedent. *Matter of Medrano*, 20 I&N Dec. 216, 220 (BIA 1990, 1991); 8 C.F.R. § 1003.1(g) (2009).

We note that this approach has been upheld by the United States Court of Appeals for the Eleventh Circuit. In *Parzagonis v. INS*, 747 F.2d 1389 (11th Cir. 1984), the alien had never worked as a crewman before he traveled to the United States to begin his employment aboard a ship at Panama City, Florida. He served as a crewman for 1 week before leaving the ship and remained illegally in the United States for 12 years. Relying on *Matter of Goncalves*, the Immigration Judge found the alien ineligible for suspension of deportation and rejected his contention that he did not enter as a crewman because he only became a crewman after his entry into the United States. We affirmed, noting the respondent's testimony that he entered to ship out as a seaman. The Eleventh Circuit agreed with our decision, holding that the dispositive issue was whether the alien had entered the United States in pursuit of his calling as a seaman, regardless of whether he had previously been employed as a crewman. Accordingly, in this case, where the respondent secured a visa as a crewman, entered the United States pursuant to that visa, arrived with the intention of working as a seaman, and identified himself as a crewman on his asylum application, we conclude that he entered as a crewman for purposes of section 240A(c)(1) of the Act.[6]

The respondent argues in the alternative that if he is determined to have entered the United States as a crewman, his motion to terminate removal proceedings should have been granted. Citing section 235(b)(2)(B)(i) of the Act, 8 U.S.C. § 1225(b)(2)(B)(i) (2006), he asserts that as a crewman, he would not be entitled to a removal hearing under section 240 of the Act, 8 U.S.C. § 1229a (2006).[7] We disagree. The respondent was admitted to the United States in 1994. Consequently, he is not subject to the provisions of section 235(b), which went into effect in 1997 after he was admitted and relate only to applicants for admission.[8] We therefore conclude that the respondent

---

[6] In this connection, the respondent contends that he cannot be considered a crewman because he allegedly was not issued a conditional landing permit. The absence of a conditional landing permit does not preclude a finding that he entered as a crewman. As noted above, the pertinent inquiry is whether the respondent was issued a visa as an alien crewman and entered the United States as a crewman. This inquiry is not governed by the existence of any forms that the Government did or did not issue to the respondent. As we have previously stated, "[I]t is substance rather than form which controls . . . ." *Matter of Campton*, 13 I&N Dec. at 538.

[7] This appears to be a peculiar argument for the respondent to advance because he is only eligible for cancellation of removal if he is in removal proceedings under section 240 of the Act.

[8] We note in this regard that section 237(a) of the Act provides that "[a]ny alien (including an alien crewman) in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the . . . classes of

(continued...)

86

was properly placed in removal proceedings and that the Immigration Judge's denial of the respondent's motion to terminate was correct in these circumstances. Accordingly, his appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER**: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security ("DHS"). *See* section 240B(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b) (2006); *see also* 8 C.F.R. §§ 1240.26(c), (f) (2009). In the event the respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order.

**NOTICE:** If the respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty as provided by the regulations and the statute and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. §§ 1229b, 1255, 1258, and 1259 (2006). *See* section 240B(d) of the Act.

**WARNING:** If the respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply. *See* Voluntary Departure: Effect of a Motion To Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,927, 76,937-38 (Dec. 18, 2008) (to be codified at 8 C.F.R. §§ 1240.26(c)(3)(iii), (e)(1)).

**WARNING:** If, prior to departing the United States, the respondent files any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act, 8 U.S.C. § 1252 (2006), the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect. However, if the respondent files a

---

(...continued)

deportable aliens." Aliens charged with grounds of deportability under section 237(a) are properly in section 240 removal proceedings. *See* section 240(a)(2) of the Act; *see also* 8 C.F.R. § 252.2(b) (2009) (providing that a crewman who was granted landing privileges prior to April 1, 1997, and who has not departed is subject to removal proceedings under section 240 of the Act).

petition for review and then departs the United States within 30 days of such filing, the respondent will not be deemed to have departed under an order of removal if the alien provides to the DHS such evidence of his or her departure that the Immigration and Customs Enforcement Field Office Director of the DHS may require and provides evidence DHS deems sufficient that he or she has remained outside of the United States.  The penalties for failure to depart under section 240B(d) of the Act shall not apply to an alien who files a petition for review, notwithstanding any period of time that he or she remains in the United States while the petition for review is pending.  *See* 73 Fed. Reg. at 76,938 (to be codified at 8 C.F.R. § 1240.26(i)).