[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10057
Non-Argument Calendar
_____

Agency No. A089-371-091

PHILLIS LEWIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 19, 2012)

Before BARKETT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Phillis Lewis, a native and citizen of Jamaica, has filed a petition for review

of the Board of Immigration Appeals's ("BIA") final order that denied her

application for adjustment to status to permanent residency and ordered her removed, after the BIA determined that Lewis was a crewman and thus statutorily ineligible for adjustment of status. The Attorney General, at his discretion, may adjust the status of an alien to that of an alien lawfully admitted for permanent residence so long as the alien meets certain statutory requirements, including not being an "alien crewman." 8 U.S.C. § 1255(a) & (c). The Immigration and Nationality Act ("INA") defines "crewman" as "a person serving in any capacity on board a vessel or aircraft." 8 U.S.C. § 1101(a)(10). Lewis argues that the BIA erred in determining that she was a crewman because although she intended to work on a ship in the United States, she never actually did so.

At a hearing before an immigration judge ("IJ"), Lewis testified that, although she had never worked on a ship before, she intended to work on a ship in the United States. At the U.S. Embassy in Jamaica, she applied for and received a combined C-1 and D visa, after presenting a letter from a shipping company in the United States that she applied to work for. Class C visas apply to non-immigrant aliens in transit and Class D visas apply to alien crewmen. See Matter of G-D-M-, 25 I. & N. Dec. 82, 83 (BIA 2009); 8 U.S.C. §§ 1101(a)(15)(C) & (D). She flew into Miami and, upon entry, Lewis was provided with an I-94 entry form (an "Arrival/Departure Record") and was admitted on May 25, 2001 as a

2

non-immigrant C-1, alien in transit, with authorization to remain in the United States until June 24, 2001.

In Miami, the shipping company that she applied to informed her that no jobs were available, but that they would call her. They never called her back and she never worked on a ship. Lewis though remained in the United States beyond June 24, 2001 and in 2002 married her husband, a U.S. citizen whom she met after she entered. In 2006, Lewis filed an application to adjust her immigration status to permanent residency and a year later, the U.S. Citizenship and Immigration Services approved her husband's alien relative visa petition for Lewis. In 2008, though, the government began removal proceedings against Lewis, who does not contest her removability.

At the IJ proceedings regarding her removal and application for adjustment, the government argued that Lewis was a crewman under the INA and therefore ineligible for adjustment. Lewis contended that her intent to work on a ship in the United States was not sufficient to be a crewman under the INA. Additionally, Lewis pointed out that (1) she was admitted under a Class C alien-in-transit visa while most crewmen are issued a Class D visa; and (2) she was provided upon entry with a Form I-94, while crewmen generally receive a Form I-184 (an "Alien Crewman Landing Permit and Identification Card") or a Form I-95 (a "Conditional

3

Landing Permit"). See 8 C.F.R. § 252.1 (describing the immigration forms for alien crewmen). The IJ granted Lewis's application for adjustment of status, determining that Lewis was not a crewman, that she was eligible for adjustment, and that she had a bona fide marriage.

In 2011, the BIA reversed the IJ's grant of adjustment and ordered Lewis removed, after the BIA determined that Lewis was a crewman under the INA. The BIA held that the record demonstrated that Lewis was admitted into the United States for the purpose of joining a ship and "it was the intent of Congress to bar all occupational seamen who entered by reason of their occupation." (quoting G-D-M-, 25 I. & N. Dec. at 83-84) (quotations omitted)). The BIA rejected Lewis's contention that she could not be a crewman because of the type of visa she received and because she never ended up working on a ship. The BIA cited G-D-M-, where the BIA held that the petitioner was an alien crewman because he had entered the United States to work on a ship, despite the petitioner similarly holding a C-1/D visa, not being employed on a ship when entering, and the shipping job in the United States never materializing. 25 I. & N. Dec. at 83-85; see also Matter of Tzimas, 10 I. & N. Dec. 101 (BIA 1962) (BIA held C-1 visa holder was an alien crewman). Lewis timely petitioned this Court for review of the BIA's final order.

4

Because we have subject-matter jurisdiction to review "non-discretionary legal decisions as to statutory eligibility for discretionary relief", we can review the BIA's determination that Lewis was a crewman under the INA and thus ineligible for adjustment of status.  See Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 (11th Cir. 2010); 8 U.S.C. § 1252(a)(2)(D).  "We review the BIA's statutory interpretation de novo, but will defer to the BIA's interpretation of a statute if it is reasonable and does not contradict the clear intent of Congress."  Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008) (quotations and citations omitted).

We emphasized in Parzagonis v. I.N.S. that when determining whether the petitioner is a crewman under the INA, "the focal issue is whether petitioner entered the United States in pursuit of his calling as a seaman."  747 F.2d 1389 (11th Cir. 1984) (holding that petitioner was a crewman under the INA even if he never worked on a ship until after entering the United States).  Lewis entered the United States in pursuit of her occupation as a crewman: she testified that she intended to work as a crewman in the United States and received a visa based on this occupational basis, after submitting a letter from a shipping company to the U.S. Embassy.  Under our precedent, the BIA did not err in finding that Lewis was

an alien crewman and therefore statutorily ineligible for adjustment of her

immigration status.

**PETITION DENIED.**