[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13659
Non-Argument Calendar
_____

Agency No. A096-782-183

DWIGHT WAYNE MOULTON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 3, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Dwight Wayne Moulton, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration Judge's (IJ) denial of his application for adjustment of status. Moulton argues the IJ erred in finding that he entered the United States as an alien crewman, and, consequently, that he was ineligible for adjustment of status.[1] Moulton maintains he did not enter the United States as an alien crewman because (1) he did not enter onboard a vessel; (2) his entry was for the purpose of traveling to Panama to repair a vessel, rather than to pursue his occupation as a crewman; and (3) he never actually went to Panama or served as a crewman.

We review de novo issues of statutory interpretation, but defer to a reasonable interpretation of the statute by the agency that administers it. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010). Where, as here, the BIA "summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final removal order subject to review." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005).

The IJ did not err by concluding that Moulton was ineligible for adjustment of status because he was an alien crewman. The Immigration and Nationality Act

---

[1] Although we lack jurisdiction to review the agency's discretionary decision denying adjustment of status, *see* 8 U.S.C. § 1252(a)(2)(B)(i); *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1197 (11th Cir. 2008), we retain jurisdiction to review the legal determination that Moulton was an alien crewman who was statutorily ineligible to adjust his status, *see* 8 U.S.C. § 1252(a)(2)(D); *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010).

(INA) authorizes the Attorney General to adjust the status of an alien to that of a lawful permanent resident in certain circumstances.  8 U.S.C. § 1255(a).  Alien crewmen, however, are statutorily ineligible to adjust their status.  *Id.* § 1255(c); *see also* 8 C.F.R. § 1245.1(b)(2).  The INA defines a "crewman" as "a person serving in any capacity on board a vessel or aircraft."  8 U.S.C. § 1101(a)(10).  To determine whether an alien qualifies as a crewman for purposes of § 1255(c), the agency examines the alien's visa and the circumstances surrounding his entry into the United States.  *See Matter of G-D-M-*, 25 I. & N. Dec 82, 85 (BIA 2009).  Thus, if it is apparent that an alien was issued a visa as a crewman and entered the United States in pursuit of his occupation as a seafarer, then he is an alien crewman.  *Id.*; *see also Parzagonis v. INS*, 747 F.2d 1389, 1390 (11th Cir. 1984) (holding that the "focal issue" in determining whether an alien qualifies as a crewman is whether he "entered the United States in pursuit of his calling as a seaman").

Moulton applied for and obtained a C1/D visa for an alien crewman in transit, which he then used to obtain admission to the United States on May 4, 2002.  Moulton, moreover, identified himself as a "crewman" in a previous application for adjustment of status.  After obtaining a visa as a crewman, entering the United States as a crewman, and self-identifying his status as that of a

3

crewman, Moulton may not now avoid the consequences of his crewman status by claiming not to be a crewman. *Matter of G-D-M-*, 25 I. & N. at 85. Even if Moulton did not enter the United States onboard a vessel and never joined the ship for which he was purportedly bound, it is apparent that he entered the United States in pursuit of his calling as a seafarer. *See Parzagonis*, 747 F.2d at 1390; *Matter of G-D-M-*, 25 I. & N. at 85. Moulton's status as a crewman rendered him ineligible for adjustment of status, and the IJ did not err by pretermitting his application. Accordingly, Moulton's petition for review is denied.

**PETITION DENIED.**