[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12619
Non-Argument Calendar

_____

Agency No. A099-169-685


RAYMOND SEBASTIAN RICHARDS,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 28, 2014)


Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Raymond Sebastian Richards, a citizen of St. Vincent and the Grenadines, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration Judge's order of removal, pursuant to 8 U.S.C. § 1227(a)(1)(B). The BIA concluded that, under 8 U.S.C. § 1255(c), Richards was statutorily ineligible for adjustment of status because he was an alien crewman. On appeal, Richards argues that he is not an alien crewman and that he was lawfully admitted to the United States, as required for adjustment of status under 8 U.S.C. § 1255(a). After review, we deny Richards' petition.

We have jurisdiction to review non-discretionary legal determinations as to statutory eligibility for discretionary relief. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010). We review questions of law *de novo*, including the BIA's statutory interpretations. *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 (11th Cir. 2006). We give *Chevron*[1] deference, where appropriate, to single-judge, non-precedential BIA decisions where the BIA relied upon its own precedential opinion. *See Quinchia v. U.S. Att'y Gen.*, 552 F.3d 1255, 1258 (11th Cir. 2008) (distinguishing cases where the agency is entitled to *Chevron* deference where it relied on a federal court's or the BIA's precedential opinion from those where a single-judge, non-precedential BIA opinion is not entitled to *Chevron* deference where it does not rely on existing BIA or federal court precedent). We

---

[1] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

2

must defer to the BIA's construction of a statute that it administers if it is reasonable and does not contradict the clear intent of Congress. *Id.*

The Attorney General, at his discretion, may adjust the status of an alien who was inspected and admitted into the United States to that of an alien lawfully admitted for permanent residence if the alien meets certain requirements. 8 U.S.C. § 1255(a). Alien crewmen, however, are statutorily ineligible for adjustment of status. 8 U.S.C. § 1255(c). The Immigration and Nationality Act (INA) defines a "crewman" as "a person serving in any capacity on board a vessel or aircraft." 8 U.S.C. § 1101(a)(10). Under 8 C.F.R. § 245.1(b)(2), "any alien who, on arrival in the United States, was serving in any capacity on board a vessel or aircraft or was destined to join a vessel or aircraft in the United States to serve in any capacity thereon," is ineligible for adjustment of status under 8 U.S.C. § 1255(a).

When determining whether an alien qualifies as a crewman, the BIA examines the alien's visa and the circumstances surrounding his entry into the United States. *Matter of G-D-M-*, 25 I.&N. Dec. 82, 85 (BIA 2009). If an "alien was issued a visa as a crewman and entered the United States in pursuit of his occupation as a seaman, then he is to be regarded as an alien crewman." *Id.* at 85. Upon entry as a crewman, the alien cannot avoid the limitations associated with that status. *Id.* at 84-85. The pivotal issue in deciding whether an alien qualifies as

a crewman is whether the alien entered the United States "in pursuit of his calling as a seaman." *Parzagonis v. INS*, 747 F.2d 1389, 1390 (11th Cir. 1984).

In *Matter of G-D-M-*, a three-judge panel of the BIA determined that an alien who entered the United States on a C1/D visa and was issued an I-94 Form that classified him as a C1 nonimmigrant in transit, qualified as a crewman because he entered the United States with the intent to work as a crewman, even though he never found employment as a crewman. *See* 25 I.&N. Dec. at 83-85. The alien entered the United States by reason of his occupation as a seaman, regardless of whether he had prior training or experience as a crewman, or had located future employment on a specific vessel. *Id.* at 84.

The BIA's judgment is entitled to *Chevron* deference because, although it issued a single-judge, non-precedential opinion, the BIA relied upon *Matter of G-D-M-*, which is a precedential opinion. *See Quinchia*, 552 F.3d at 1258. Accordingly, we will defer to the BIA's interpretation of the INA if it is reasonable. *See id.*

The BIA's conclusion that Richards was a crewman was a reasonable construction of the INA. Richards obtained a C1/D visa in order to obtain admission to the United States. He testified he had previously been employed by Carnival Cruise Lines, he had been given a C1 visa that would allow him to work for Carnival Cruise Lines, and the documentation he presented upon arrival in the

4

United States included a letter from Carnival Cruise Lines.  Furthermore, Richards testified his intent in coming to the United States in 2001 was to join a ship.  Based on these considerations, Richards entered the United States in pursuit of his calling as a seaman, and was therefore, an alien crewman.  *See Parzagonis*, 747 F.2d at 1390; *Matter of G-D-M*, 25 I.&N. Dec. at 84.  Because the BIA's conclusion that Richards was a crewman constituted a reasonable construction of the INA, this Court must defer to it.  *See Quinchia*, 552 F.3d at 1258.

With respect to Richards' argument he is eligible for adjustment of status because he was admitted to the United States as required under 8 U.S.C. § 1255(a), no one disputes that he meets the admission requirement under 8 U.S.C. § 1255(a).  However 8 U.S.C. § 1255(a) does not apply to alien crewman.  8 U.S.C. § 1255(c).  As an alien crewman, Richards is not eligible for adjustment of status.  Therefore, the BIA did not err in dismissing Richards' appeal.  Accordingly, we deny Richards' petition for review.

**PETITION DENIED.**